**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF** <br> **STEPHANIE A. GALLAGHER** <br> **UNITED STATES DISTRICTJUDGE** | **101 WEST LOMBARD STREET** <br> **BALTIMORE, MARYLAND 21201** <br> **410 962-7780** <br> **MDD_SAGchambers@mdd.uscourts.gov** |

October 19, 2021

**LETTER MEMORANDUM**

      RE:  Royal v. Integrity Homes
             Civil Case No. SAG-21-1284

Dear Ms. Royal and Counsel:

      Ms. Royal, who is self-represented, filed a Complaint alleging race-based employment discrimination by her former employer, Integrity Homes of Metro Washington, LLC ("Integrity Homes"). ECF 1. Integrity Homes has filed a Motion to Dismiss, ECF 17. Despite receiving a letter from the Clerk's Office advising her of the potential consequences of a failure to respond to the dispositive motion, Ms. Royal has not responded. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons described herein, the motion will be granted and the Complaint will be dismissed without prejudice.

      Integrity Homes raises a series of reasons, each of which independently justifies dismissal of the Complaint. First, Integrity Homes correctly notes that Ms. Royal failed to effect valid service. ECF 17-1 at 6-9. Because Ms. Royal put the address for Integrity Homes on the Summons, rather than the address of its resident agent, service was sent to an improper address. Dismissal is therefore appropriate pursuant to Fed. R. Civ. Proc. 12(b)(5).

      Second, Ms. Royal failed to comply with this Court's express instructions regarding the supplementation of her original complaint to state an adequate claim of race discrimination. Although district courts have a duty to construe self-represented pleadings liberally, plaintiffs must nevertheless allege facts that state a cause of action. *See Beaudett v. Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). Here, in requesting supplementation relating to Ms. Royal's race discrimination claim, the Court expressly stated, "[a]t a minimum, Plaintiff must provide the dates on which she discovered the email, the contents of the email, when and how she was reprimanded, and details surrounding her termination from employment." ECF 3 at 2. While Ms. Royal did file a supplement after that Court Order, ECF 7, it did not contain any of the details mentioned, and instead alleged an entirely new theory of hostile work environment. Thus, her race discrimination claim remains inadequately pled, and is subject to dismissal for failure to state a claim.

Royal v. Integrity Homes
Civil Case No. SAG-21-1284
October 19, 2021
Page 2

Third, as to the hostile work environment allegations in Ms. Royal's supplement, she has not established that she exhausted her administrative remedies or filed a claim with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Technologies App. & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Ms. Royal's EEOC charge alleged that she was terminated on the basis of her race. It did not contain any hostile work environment-related allegations or claims.

Finally, while Ms. Royal alleges in her supplement that Integrity Homes was engaged in violations of the Fair Housing Act, she does not suggest that she personally engaged in any real estate transaction with Integrity Homes, which would be necessary to establish her standing to bring such a claim.

For those reasons, more fully elucidated in Integrity Homes's unopposed Motion to Dismiss, ECF 17-1, the motion will be GRANTED and the Complaint will be dismissed without prejudice. A separate order follows, which will instruct the Clerk to close this case.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge